**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**5:18-cr-00007-TBR**

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

KEVIN JAMES TERPENING                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon *Pro se* Defendant Kevin Terpening's ("Terpening") Motion to Reconsider Sentence Under Section 404 of the First Step Act. [DN 38]. The government has responded. [DN 40]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Terpening's Motion to Reconsider Sentence [DN 38] is **DENIED**.

**I. Background**

Terpening was indicted on one count of knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine on April 10, 2018. [DN 1]. On March 19, 2019, Terpening pleaded guilty. [DN 27]. Terpening was sentenced to the agreed upon 240 months imprisonment. [DN 35].

**II. Discussion**

Terpening asks this Court to appoint counsel to assist with his motion. "Counsel should be appointed 'if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *United States v. Smith*, 2019 WL 3021828, at *2 (E.D. Ky. July 9, 2019) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)).

Here, the Court does not find counsel is necessary because Terpening does not have a reasonable chance of winning with a lawyer at his side.

Terpening relies on *United States v. Hadley,* to support his position that he is entitled to a reduction in sentence. In *Hadley,* Hadley was found guilty of "possession with intent to distribute 51.6 grams of crack cocaine" in February of 2007. 389 F.Supp.3d 1043 (M.D. Fla. 2019). He was "sentenced to a mandatory minimum of life because of a Section 851 enhancement." *Id.* The Court subsequently reduced Hadley's sentence due to the First Step Act. *Id.* at 1048. After the First Step Act, Hadley's statutory range was 10 years to life and his guidelines range was 360 months to life due to the 851 enhancement and career offender designation. *Id.* at 1049. However, the Court noted that the 851 enhancement and career offender designation would not apply if he was now charged because the underlying offenses no longer qualify. *Id.* Therefore, the Court reduced Hadley's time to time served—more than 149 months. *Id.*

The First Step Act was signed into law on December 31, 2018—well before Terpening pleaded guilty and was sentenced for this charge. Unlike Hadley, Terpening received the benefit of the Act at sentencing. Further, Terpening agreed to the received sentence of 240 months. In his plea agreement, Terpening acknowledged his right to appeal his conviction and the sentence imposed. [DN 27 ¶11]. Nonetheless, Terpening knowingly and voluntarily waived his right to "directly appeal his conviction and the resulting sentence…and to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise" unless based on ineffective assistance of counsel or prosecutorial misconduct. [*Id.*] Terpening does not claim either ineffective assistance of counsel or prosecutorial misconduct. Therefore, this motion must be denied.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Terpening's Motion to Reconsider Sentence Under Section 404 of the First Step Act [DN 38] is **DENIED.**

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

September 22, 2020

cc: Kevin Terpening
    19308-033
    GREENVILLE
    FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. Box 5000
    GREENVILLE, IL 62246
    PRO SE