**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**5:18-cr-00007-TBR**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

KEVIN JAMES TERPENING                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon *Pro se* Defendant Kevin Terpening's ("Terpening") Motion for Reconsideration. [DN 45]. The government has responded. [DN 52]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Terpening's Motion for Reconsideration [DN 45] is **DENIED**.

**I. Background**

Terpening was indicted on one count of knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine on April 10, 2018. [DN 1]. On March 19, 2019, Terpening pleaded guilty. [DN 27]. Terpening was sentenced to the agreed upon 240 months imprisonment. [DN 35].

**II. Legal Standard**

"The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is-
> (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) Family Circumstances.
   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13.

### III. Discussion

**A. Exhaustion of Administrative Remedies**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, —— F.Supp.3d ——, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall,* No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

This Court initially dismissed Terpening's Motion for Compassionate Release for failure to exhaust administrative remedies. [DN 42]. The Court stated that it would reconsider Terpening's

3

Motion if he showed proof of exhaustion. [*Id.*] Attached to Terpening's Motion to Reconsider is a letter from the Warden stating Terpening's request is denied. [DN 45-1]. The request was denied because Terpening "failed to produce the necessary information, detailed in the Bureau of Prisons P.S. 5050.50, to be further considered for a reduction in sentence." [*Id.*] The government argues that Terpening "has not truly exhausted his administrative remedies because he did not make a good-faith attempt to comply with the administrative procedures set out by BOP." [DN 52 at 4].

This case presents a similar, but distinguishable, situation as decided in *United States v. May*. In *May*,

> May initially submitted a request for home confinement to Bureau of Prisons ("B.O.P.") officials on November 1, 2019. [Record No. 440-5, p. 1] The request also mentions, in passing, that the defendant seeks compassionate release in the alternative. [*Id.*] On December 18, 2019, the B.O.P. denied the home confinement request without addressing the issue of compassionate release. [*Id.* at p. 2] May then resubmitted this request to B.O.P. officials on March 5, 2020. [*Id.* at p. 159] The warden's response to this administrative filing, dated May 20, 2020, declined to recommend either home confinement or compassionate release. [*Id.* at p. 160] Notably, this response addressed the compassionate release argument by finding that May's medical record did not indicate that he has a condition with an end-of-life trajectory or a life expectancy of 18 months or less as required under B.O.P. Program Statement 5050.50. [*Id.*]

2020 WL 3723253, at *1 (E.D. Ky. July 6, 2020). The government argued May did not properly submit a compassionate release request because it did not include extraordinary and compelling reasons for relief or any proposed release plans. The Court recognized the Sixth Circuit has "stressed the importance of strict compliance with administrative compassionate release-related procedures during the COVID-19 outbreak." *Id.* at 2 (quoting *United States v. Alam,* 960 F.3d 831, 835-836 (6th Cir. 2020)). However, the BOP did not address the procedural defects of May's request and denied the request on the grounds that his medical conditions did not warrant release. *Id.* Further, the response was sent more than 30 days after the request was made. *Id.* Therefore, the Court considered the merits of May's motion. *Id.*

4

Here, like May, Terpening did not comply with Program Statement 5050.50. However, his case does differ from *May* because the Warden did not deny May on the merits of his request. The request was denied for a failure to comply with BOP Program Statement 5050.50. In *United States v. Greenlove,* Greenlove submitted two requests for compassionate release. 2020 WL 3547069, *1 (M.D. Pa. June 30, 2020). The Warden responded each time stating Greenlove needed to provide more information. *Id.* "Rather than proceed with his administrative request to the Warden for compassionate release and submit the additional information required as directed in the Warden's May 18, 2020 response, or appeal the Warden's response through the BOP administrative remedy process, Greenlove filed his instant motion with this court requesting compassionate release". *Id.* at 2. The Court held, "[s]ince the Warden responded to Greenlove's April 29, 2020 and May 2, 2020 requests advising him that more information was required, he is still in the midst of the administrative remedy process. This court finds that Greenlove has not exhausted his administrative remedies as required, and that the court cannot waive the exhaustion requirement." *Id.*

Here, the Court finds Terpening has not properly exhausted his administrative remedies. Like Greenlove, Terpening was informed by the Warden that additional necessary information was needed. Instead of filing another request with the required information, Terpening filed a motion with this Court. As such, he has not properly exhausted his administrative remedies. However, even if Terpening did exhaust his administrative remedies, he is not entitled to relief.

**B. Extraordinary and Compelling Reasons**

Terpening argues he is entitled to compassionate release due to diabetes, heart disease, high blood pressure, and high cholesterol. [DN 41]. Terpening lists several medications he takes to control his health conditions. [*Id.*]

The Centers for Disease Control has stated that those with serious heart conditions and diabetes are at an increased risk of severe illness from COVID-19.[1] Those with high blood pressure may be at an increased risk.[2] Terpening is currently being housed at FCI Greenville. There are two inmates and eight staff members with the virus.[3] Even though there are inmates and staff members with the virus, there is no uncontrolled outbreak. Terpening is at a greater risk due to his health conditions. However, he has stated he is taking his medications for his conditions. There is no indication that he has had a difficult time receiving care or his conditions are not being managed.

"A court could find that defendant's medical condition, heightened by risks posed by COVID-19, 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility' and is one 'from which he or she is not expected to recover,' i.e. a chronic condition." *United States v. Bolze*, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting § 1B1.13 n.1(A)(ii)). "Although the court does not minimize the general risk faced by prisoners and prison employees during the COVID-19 pandemic, Defendant's assertion of the extraordinary risk he faces is not supported by the factual record." *United States v. Oladimu,* 2020 WL 1866253, *2 (D. Mass. Apr. 14, 2020). Because Terpening's conditions are being managed appropriately, he is not entitled to compassionate release.

### C. 18 § U.S.C. § 3553(a) Factors

Terpening has not met his burden to be eligible for release. Nonetheless, the Court will briefly address the 18 U.S.C. § 3553(a) sentencing factors. Terpening pleaded guilty to knowingly and intentionally possessing with intent to distribute 598.5 grams of methamphetamine. [DN 27].

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html
[2] *Id.*
[3] https://www.bop.gov/coronavirus/

Terpening also has a criminal history involving burglary, wanton endangerment, manufacturing methamphetamine and several other convictions. Further, Terpening has only served approximately 15 months of his 240-month sentence. Granting Terpening compassionate release would not reflect the seriousness of his crime. The Court applauds Terpening's 30 months of sobriety. However, this is not enough to warrant release.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Terpening's Motion for Reconsideration [DN 45] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 30, 2020

cc: Kevin Terpening
    19308-033
    GREENVILLE
    FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. Box 5000
    GREENVILLE, IL 62246
    PRO SE