UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:18-cr-00007-TBR

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.

KEVIN JAMES TERPENING                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Kevin Terpening's ("Terpening") Amended Motion for Compassionate Release. [DN 57]. The government has responded. [DN 64]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Terpening's Amended Motion for Compassionate Release [DN 57] is **DENIED**.

### I. Background

Terpening was indicted on one count of knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine on April 10, 2018. [DN 1]. On March 19, 2019, Terpening pleaded guilty. [DN 27]. Terpening was sentenced to the agreed upon 240 months imprisonment. [DN 35]. He initially filed for Compassionate Release on May 15, 2020. However, the Court denied that motion with leave to refile because Terpening failed to show he exhausted his administrative remedies. [DN 42]. Terpening subsequently filed a second Motion for Compassionate Release. [DN 45]. The Court also denied that motion because Terpening did not show extraordinary and compelling reasons and his release would not comply with the 18 U.S.C. § 3553(a) factors. Terpening, again, moves this Court for Compassionate Release.

### II. Legal Standard

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated

defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)

are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a reduction is warranted under steps one and two, at step three, the court is to consider whether

that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

#### A. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, —— F.Supp.3d ——, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall,* No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Terpening petitioned the warden for compassionate release on April 4, 2020. The Warden denied that request on May 26, 2020 because Terpening's PATTERN risk score was high. [DN 57-1 at PageID 340]. Terpening did not file the present motion until September 25, 2020. Therefore, he has waited the required 30 days and has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons

Terpening argues his age, medical conditions, and the conditions of his facility constitute extraordinary and compelling reasons. According to the BOP, FCI Greenville currently has 82 positive inmates and 13 positive staff members.[1] FCI Greenville has a population of 1,201 total

---

[1] COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited January 20, 2021).

inmates.[2] The positivity rate in the prison among inmates is approximately six percent. Terpening states he will live in Hopkinsville, Kentucky if he is released. In Christian County, 43 new cases of Covid-19 were reported on January 20, 2021.[3] The County is averaging 41 new cases per day.[4] Since last March, "nearly one in every 13 Christian County residents has tested positive for the virus."[5] Christian County is on pace to set a record number of Covid cases this month.[6] The risk outside of the prison is greater than the current risk within FCI Greenville. The threat of contracting Covid-19 is a real threat to Terpening and inmates across the Country. The Court does not take this risk lightly. However, FCI Greenville is not experiencing a massive outbreak within the prison. In its prior opinion, the Court stated:

> "The Centers for Disease Control has stated that those with serious heart conditions and diabetes are at an increased risk of severe illness from COVID-19. Those with high blood pressure may be at an increased risk. Terpening is currently being housed at FCI Greenville. There are two inmates and eight staff members with the virus. Even though there are inmates and staff members with the virus, there is no uncontrolled outbreak. Terpening is at a greater risk due to his health conditions. However, he has stated he is taking his medications for his conditions. There is no indication that he has had a difficult time receiving care or his conditions are not being managed."

Although the presence of the virus has increased since the Court's last Opinion, the conclusion remains the same. Terpening has not provided any evidence that he has had difficulty receiving care for his underlying health conditions. His motion is mainly predicated on a real fear of contracting the virus. However, the lack of a widespread outbreak in the prison makes release unwarranted.

---

[2] Our Locations, Federal Bureau of Prisons, Bureau of Prisons, https://www.bop.gov/locations/institutions/gre/ (last visited January 20, 2021).
[3] Hoptown Chronicle, https://hoptownchronicle.org/christian-county-coronavirus-case-count/ (last visited January 21, 2021).
[4] *Id.*
[5] *Id.*
[6] *Id.*

### C. 18 U.S.C. § 3553(a) Factors

Terpening's release, again, would not comport with the sentencing factors. In the Court's prior Opinion, it stated the following:

> Terpening pleaded guilty to knowingly and intentionally possessing with intent to distribute 598.5 grams of methamphetamine. [DN 27]. Terpening also has a criminal history involving burglary, wanton endangerment, manufacturing methamphetamine and several other convictions. Further, Terpening has only served approximately 15 months of his 240-month sentence. Granting Terpening compassionate release would not reflect the seriousness of his crime. The Court applauds Terpening's 30 months of sobriety. However, this is not enough to warrant release.

The only difference is now Terpening has served approximately 19 months of his 240-month sentence. Terpening provided several certificates of classes he has completed. He completed the following courses: Illinois Commercial Driver's License, Get Right With Your Taxes, General Math, Positively, Anger Management, Finding a Job, ACE Customer Service, Mentoring MRT, and Thinking for Good MRT. [DN 57-1 at PageID 342-352]. The Court again applauds Terpening for the steps he has taken towards improving himself in anticipation of his eventual release. However, these courses do not outweigh the seriousness of Terpening's offense, his criminal history, and the fact that the BOP gave Terpening a high PATTERN score. Therefore, the Court must deny Terpening's motion.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Terpening's Amended Motion for Compassionate Release [DN 57] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 22, 2021

cc: Kevin Terpening
　　19308-033
　　GREENVILLE
　　FEDERAL CORRECTIONAL INSTITUTION
　　Inmate Mail/Parcels
　　P.O. Box 5000
　　GREENVILLE, IL 62246
　　PRO SE